{¶ 63} While I agree with the majority regarding the affirmance of count 2, burglary and count 4, attempted aggravated arson, contained in appellant's first assignment of error, I respectfully dissent from the majority's decision to reverse appellant's second burglary conviction (amended count 3). Therefore, I would affirm appellant's conviction.
 {¶ 64} The majority erroneously finds insufficient evidence to support the second burglary conviction because the trial court found that Hoffacher's son's excited utterance made to Santiago was insufficient to satisfy the additional element contained in R.C. 2911.11(A)(1). This element serves as an enhancement that elevates the crime of burglary to aggravated burglary when "the offender inflicts, or attempts, or threatens to inflict physical harm on another."
 {¶ 65} The majority's finding is premised upon the fact that, in the view of the majority, no rational trier of fact could view the evidence presented at trial and determine that appellant, by force, stealth, or deception trespassed in an occupied structure when another person is present, with purpose to commit in the structure any criminal offense. The majority concludes that because the trial court found that the statement made by Hoffacher's son was insufficient to show that appellant caused or even attempted to cause physical harm to Hoffacher then it follows that the statement is likewise insufficient to show that Nelson intended to do any of these things as the underlying criminal offense when he entered the residence.
 {¶ 66} After a thorough review of the record, I believe that the trial court correctly found that the son's hearsay statement "he's hitting my mom" was admissible as an excited utterance under Evid.R. 803. However, the trial court erred when it found that the statement was insufficient to support the aggravated burglary element that "the offender inflicts, or attempts, or threatens to inflict physical harm on another." The issue was a question of fact for the jury.
 {¶ 67} Assuming arguendo that the trial court was correct in amending the indictment to conform to the evidence in response to appellant's Crim.R. 29 motion, the trial court erred in amending the offense to R.C. 2911.12(A)(1). By finding that the evidence of physical harm was insufficient, the trial court has led the majority to believe that there is insufficient evidence of "purpose to commit any crime" required under R.C. 2911.12(A)(1), therefore, there was insufficient evidence of the crime of burglary. However, the evidence presented at trial sufficiently established the offense of burglary under R.C.2911.12(A)(4) which merely requires a finding that appellant did by force, stealth, or deception (1) trespass (2) in a permanent or temporary habitation of any person (3) when any person other than an accomplice of the offender is present or likely to be present.
 {¶ 68} It is clear that the jury found under R.C. 2911.12(A)(1) that the appellant trespassed in Hoffacher's home. The jury also found that the trespass was committed with the purpose to commit a criminal offense.
 {¶ 69} It is reasonable to assume that the jury found that the evidence presented regarding the totality of the circumstances surrounding appellant's trespass proved beyond a reasonable doubt that appellant intended to commit a criminal offense once inside the victim's residence.[15]
It is well established that direct evidence is not essential to prove an element of an offense, and that circumstantial evidence is equally probative.[16] This is especially true when an element sought to be proven is a mental state of which the only direct evidence is within the domain of the accused.[17]
 {¶ 70} We have no way of knowing that the jury's finding on the element of "with the purpose to commit any criminal offense" was based on the crime being assault, that the offender inflicts or attempts, or threatens to inflict physical harm on another. The majority is speculating that this was the basis of the jury's guilty verdict and yet fails to consider that the jury could have found other potential crimes that were the purpose of appellant's trespass.
 {¶ 71} The criminal offense of menacing under R.C. 2903.22(A) states that no person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person, or a member of the other person's immediate family. Surely, the jury could have found that when Hoffacher was subjected to the appellant's violent act of breaking her door coupled with the sight and smell of the destruction of her home, she could believed that appellant intended to further harm her home, herself, or her children.
 {¶ 72} Having found that the evidence presented does not warrant a conviction on the second burglary the majority orders that the case be remanded to the trial court for a judgment of acquittal on amended count three and then for resentencing on counts two and four. I find this to be an unnecessary waste of public resources in light of the fact that the trial court ordered concurrent sentences. Therefore, it is my position that the majority should issue an order acquitting appellant of amended count 3 in conjunction with their opinion and reinstate the trial court's original 3-year sentences on counts 2 and 4 to be served concurrently.
[15] The undisputed facts are as follows:
 1) Exhibits 1-18 and 20-21 depict a violent assault on Hoffacher's home.
 2) Hoffacher stood at the doorway initially with a look on her face when she opened the door to her residence.
 3) Hoffacher, after arriving home that morning attempted to leave when she realized that appellant was in her residence.
4) Appellant and Hoffacher were arguing while she was leaving.
 5) When appellant appeared to be leaving in the opposite direction, Hoffacher went back to her house and shut the door.
6) Appellant broke the door in behind her.
 7) Hoffacher's son ran for help and said to Santiago, "Call the police. He's hitting my mom."
[16] State v. Jenks (1991), 61 Ohio St.3d 259.
[17] State v. Williams (1997), 123 Ohio App.3d 178.